1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT B. MARTIN,

11          Plaintiff,              No. 2:12-cv-2232 EFB P

12       vs.

13   BUTTE COUNTY JAIL, et al.,

14          Defendants.             ORDER

15   _____/

16       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local

19   Rules, Appx. A, at (k)(4).  In addition to filing a complaint, plaintiff has filed an application to

20   proceed in forma pauperis and a request for summons forms.

21   **I.    Request to Proceed In Forma Pauperis**

22       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

24   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

25   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26   § 1915(b)(1) and (2).

1

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.

*Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

*Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

1    **III.    Screening Order**

2           The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must

3    be dismissed with leave to amend because it does not state a cognizable claim.  Plaintiff states

4    that his complaint is brought pursuant to 42 U.S.C. § 1983.  As defendants, the complaint names

5    Butte County Jail, Medical Staff CEMG Program Manager, Nurse Linda Wilms, and Nurse

6    Rubacalva.  The complaint does not include any factual allegations against Butte County Jail, or

7    Medical Staff CEMG Program Manager.  As for defendant Wilms, plaintiff alleges only that she

8    is responsible for supervising the medical staff at Butte County Jail.  The complaint appears to

9    be missing page four.

10          Although plaintiff's complaint is purportedly brought under 42 U.S.C. § 1983, plaintiff

11   has failed to allege any facts that support such a claim.  In order to state a claim under § 1983, a

12   plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that

13   the violation was committed by a person acting under the color of state law.  *See West v. Atkins*,

14   487 U.S. 42, 48 (1988).  Here, plaintiff fails to state a § 1983 claim because does not identify any

15   violation of a federal or statutory right.  Additionally, "Butte County Jail," is not a "person

16   acting under the color of state law."

17          Plaintiff improperly attempts to impose liability on defendant Wilms solely based on her

18   alleged supervisory role.  An individual defendant is not liable on a civil rights claim unless the

19   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

20   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

21   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

22   (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

23   for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

24   1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff

25   must plead that each Government-official defendant, through the official's own individual

26   actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a

3

1   plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

2   (9th Cir. 2009).  Here, plaintiff has not sufficiently alleged that defendant Wilms was personally

3   involved in any violation of plaintiff's federal rights.

4        As for defendant Rubacalva, plaintiff alleges that Rubacalva did not properly respond to

5   his medical needs.  To state a claim for violation of the Eighth Amendment based on inadequate

6   medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

7   indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

8   plaintiff must show both that his medical needs were objectively serious, and that defendant

9   possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

10  *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

11  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

12  patient would find worthy of comment or treatment, or the existence of chronic and substantial

13  pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

14  *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Deliberate

15  indifference may be shown by the denial, delay or intentional interference with medical

16  treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838

17  F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be

18  aware of facts from which the inference could be drawn that a substantial risk of serious harm

19  exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

20  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and

21  disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

22       Plaintiff also identifies "Medical Staff CEMG Program Manager," as a defendant, but

23  does provide an actual name for this individual.  Plaintiff is hereby informed that the use of Doe

24  defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

25  1980), and ultimately unnecessary.  Should plaintiff learn the identities of parties he wishes to

26  serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file

1   an amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d

2   1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the

3   statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the

4   controlling procedure for adding defendants whose identities were discovered after

5   commencement of the action.  Additionally, unknown persons cannot be served with process

6   until they are identified by their real names and the court will not investigate the names and

7   identities of unnamed defendants.

8        Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

9   cognizable legal theory against a proper defendant and sufficient facts in support of that

10  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

11  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

12  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

13  shall clearly set forth the claims and allegations against each defendant.  Any amended

14  complaint must cure the deficiencies identified above and also adhere to the following

15  requirements:

16       Any amended complaint must be written or typed so that it so that it is complete in itself

17  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

18  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

19  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

20  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

21  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

22  1967)).

23       Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

24  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

25  complaints).

26  ////

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.   Plaintiff's request to proceed in forma pauperis (Dckt. No. 2) is granted.

3        2.  Plaintiff's request for summons forms (Dckt. No. 6) is denied.

4        3.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

5   accordance with the notice to the California Department of Corrections and Rehabilitation filed

6   concurrently herewith.

7        4.  The complaint is dismissed with leave to amend within 30 days.  The amended

8   complaint must bear the docket number assigned to this case and be titled "First Amended

9   Complaint."  Failure to comply with this order may result in this action being dismissed for

10  failure to state a claim.

11  Dated:  November 26, 2012.

    _____
            EDMUND F. BRENNAN
12          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26