1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT B. MARTIN,                          No.  2:12-cv-2232-EFB P

12              Plaintiff,

13        v.                                     ORDER[2]

14   KERI RUBALCAVA,[1]

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Plaintiff alleges that Rubalcava, a nurse at the Butte County Jail, was deliberately

19   indifferent to plaintiff's medical needs and personal safety in violation of his Eighth Amendment

20   rights.  Both plaintiff and defendant have filed motions for summary judgment.  ECF Nos. 24, 26.

21   Plaintiff includes in his opposition to defendant's motion a request for leave to amend his

22   complaint.  ECF No. 30; *see also* ECF No. 29 (Pl.'s Proposed Sec. Am. Compl.).   He also

23   appears to request that the court defer ruling on the motions, citing Federal Rule of Civil

24   ───────────────

25        [1] Defendant Rubalcava was erroneously sued herein as Nurse "Rubacalva."  All references
     to defendant in this opinion, except when quoting from plaintiff's pleadings, use the correct
26   spelling of defendant's name.

27        [2] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to the parties' consent.  E.D. Cal. Local Rules,
28   Appx. A, at (k).

                                          1

Procedure "56(f)" (now renumbered as Rule 56(d)).[3]  ECF No. 32.  For the reasons set forth

below, plaintiff's motions are denied, defendant's motion is granted, and the case is closed.

## I.    Plaintiff's First Amended Complaint

Plaintiff's claim that Rubalcava violated his Eighth Amendment rights is predicated on the

following allegations:

> On September 24, at about 2:30 or about 3:15 a.m. I woke up with some very bad
> chest pain.  I took a Nitrostart 0.4 mg.  My cellie, Mr. Joseph Profit pushed the
> button to let the [correctional officer] and the medical staff know I was having real
> bad chest pain. We got no response.  About 15 min later I took another Nitrostart
> because the first one I took didn't stop the pain.  About 20 min later I was seen by
> Nurse Rubacalva.  I informed Nurse Rubacalva that I was having chest pains.  I
> informed her about the Nitrostarts that I had already taken, then she took my
> vidials [sic].  After that Nurse Rubacalva took my diabetic blood sugar.  My count
> for my blood sugar was low.  Nurse Rubacalva said she didn't have any glucose
> tablets.  Then Nurse Rubacalva gave me a third Nitrostart.  Then Nurse Rubacalva
> told me it was alright for me to go back upstairs to my cell.  I told Nurse
> Rubacalva that I don't want to go back upstairs feeling the way I was feeling short
> of breath and my chest is in server [sic] pain.  My blood-sugar is low which is
> another reason that I shouldn't be going up and down the stairs.  Nurse Rubacalva
> ignored my pleas and insisted that I go back upstairs to my cell, in which I
> collapsed [sic] on the stairs.  I fell down several stairs, causing major injury to my
> shoulder.

First Amended Complaint,  ECF No. 10, ¶ 6.

## II.    Motions for Summary Judgment

### A.  Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary

judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

to the determination of the issues in the case, or in which there is insufficient evidence for a jury

to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

(1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

*U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

---

[3]  This request is stated in his "Reply to Defendant['s] Objection to Request for Admission
and Production," citing to Federal Rule of Civil Procedure 56(f).

1  motion asks whether the evidence presents a sufficient disagreement to require submission to a

2  jury.

3      The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

4  or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

5  "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

6  trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

7  (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

8  under summary judgment practice, the moving party bears the initial responsibility of presenting

9  the basis for its motion and identifying those portions of the record, together with affidavits, if

10  any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477

11  U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

12  party meets its burden with a properly supported motion, the burden then shifts to the opposing

13  party to present specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at

14  248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

15      A clear focus on where the burden of proof lies as to the factual issue in question is crucial

16  to summary judgment procedures.  Depending on which party bears that burden, the party seeking

17  summary judgment does not necessarily need to submit any evidence of its own.  When the

18  opposing party would have the burden of proof on a dispositive issue at trial, the moving party

19  need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National

20  Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

21  which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-

22  24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

23  summary judgment motion may properly be made in reliance solely on the 'pleadings,

24  depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

25  should be entered, after adequate time for discovery and upon motion, against a party who fails to

26  make a showing sufficient to establish the existence of an element essential to that party's case,

27  and on which that party will bear the burden of proof at trial. *See id.* at 322.  In such a

28  circumstance, summary judgment must be granted, "so long as whatever is before the district

1    court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

2         To defeat summary judgment the opposing party must establish a genuine dispute as to a

3    material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

4    is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

5    248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

6    will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

7    determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party

8    is unable to produce evidence sufficient to establish a required element of its claim that party fails

9    in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

10   of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S.

11   at 322.

12        Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

13   the court must again focus on which party bears the burden of proof on the factual issue in

14   question.  Where the party opposing summary judgment would bear the burden of proof at trial on

15   the factual issue in dispute, that party must produce evidence sufficient to support its factual

16   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

17   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

18   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

19   for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

20   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

21   that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

22   477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

23        The court does not determine witness credibility.  It believes the opposing party's

24   evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

25   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

26   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

27   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

28   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

1    issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

2    Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier

3    of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475

4    U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any

5    reasonable inferences that might be drawn from it could not support a judgment in favor of the

6    opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any

7    genuine dispute over an issue that is determinative of the outcome of the case.

8                    **B.  Plaintiff's Motion**

9           Plaintiff claims that "by forcing [him] back up the stairs while [he] was having chest

10   pains[,] [he] fell and injured [his] right shoulder" and "[a]s a 'direct result' of [defendant's]

11   actions[,] [he is] now scheduled to have surgery on [his] right shoulder."  ECF No. 26 at 6-7.  It is

12   plaintiff who will bear the burden of establishing the elements of his Eighth Amendment claims at

13   trial.  To obtain summary judgment, he must set forth evidence establishing beyond controversy

14   the required elements of his claims.  *See James v. Scribner*, No. 1:04-CV-05878 LJO-DLB P,

15   2008 U.S. Dist. LEXIS 19476, at * 3 (E.D. Cal. Mar. 13, 2008).  He has not done so here.

16          Prison officials have a duty to ensure that prisoners are provided with adequate medical

17   care and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000).  To show that

18   defendant violated his rights under the Eighth Amendment, plaintiff must demonstrate that the

19   defendant knew of and disregarded a substantial risk of serious harm to plaintiff when she

20   "insisted" that he go upstairs to his cell.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994)

21   (describing the requisite state of mind for an Eighth Amendment violation as "deliberate

22   indifference"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more

23   blameworthy than negligence.").  Extreme deprivations are required to make out a conditions of

24   confinement claim, and only those deprivations denying the minimal civilized measure of life's

25   necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v.*

26   *McMillian*, 503 U.S. 1, 9 (1992).

27          Plaintiff's arguments and evidence do not establish beyond controversy the elements of

28   his Eighth Amendment claims.  He states that he is entitled to summary judgment because the

                                                    5

accident report documenting his September 24, 2011 fall was falsified, and because non-defendant Linda Wilms misrepresented his claims when responding to his grievance against defendant.  ECF No. 26 ¶¶ 2-6.  Apart from the obvious dispute over the allegation that a report was falsified, these points bear no relation to Rubalcava's alleged conduct, and in no way demonstrate that she treated plaintiff with deliberate indifference when she cleared him for the stairs.

Plaintiff also states that he is entitled to summary judgment because of a delay in his treatment.  He asserts that his medical condition has not changed since the fall on September 24, 2011, and that although he is now scheduled for shoulder surgery he had been trying unsuccessfully to get help for his shoulder injury.  *Id.* ¶¶ 7-9.  Again, the argument simply does not pertain to whether nurse Rubalcava acted with deliberate indifference.  The allegations in the complaint are that Rubalcava, after informing plaintiff that his glucose level was low nonetheless "ignored his pleas" and forced him to climb the stairs, and that he fell and injured his shoulder.[4] There is no allegation, in either the complaint or the motion, that defendant Rubalcava was involved in any subsequent delay in medical care for a shoulder injury.  Thus, the purported delay in shoulder treatment does not establish Rubalcava's deliberate indifference.

Plaintiff also states that defendant forced him to be housed upstairs despite his medical conditions and a "no upstairs housing chrono."  *Id.* ¶ 1.  This action, however, is not proceeding on a claim concerning whether plaintiff was appropriately housed.  Moreover, plaintiff fails to produce the referenced chrono and submits no evidence indicating that Rubalcava had any decision-making authority or input with regard to plaintiff's housing assignment.

Plaintiff has not established his initial burden on summary judgment, as his motion includes no evidence of defendant's alleged deliberate indifference.  His motion is therefore denied.

/////

---

[4] Plaintiff has not shown that he is entitled to summary judgment on that question, and as discussed below, the record before the court shows that there is no evidence upon which a jury could reasonably conclude that Rubalcava was deliberately indifferent with respect to the fall.

### C. Plaintiff's "Rule 56(f)" Motion

On June 24, 2013, after both summary judgment motions were submitted for decision, plaintiff filed a document entitled "Reply to Defendant['s] Objection to Request for Admission and Production," in which he states that he is requesting "an enlargement of time or any other remedial answer."  ECF No. 32.  It appears from this confusing document that plaintiff is requesting additional time to serve discovery requests on defendant.  The document references an earlier request for documents served by plaintiff and contends that only one-third of what was requested was actually provided.  *Id.*  It states that plaintiff "has done everything in his power to adhere to the time line of the discovery and scheduling order" and it cites to Federal Rule of Civil Procedure 56(f) (now renumbered as Rule 56(d)).  *Id.*  Thus, the court infers from the document that plaintiff is requesting that ruling on the defendant's summary judgment motion be postponed while plaintiff conducts additional discovery.

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing.  *See* Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.").  A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiff has not satisfied these requirements.  As a threshold matter, plaintiff has already filed an opposition to defendant's summary judgment motion.  His Rule 56(d) request was filed after he filed his opposition, and after defendant had filed a reply brief.  Further, plaintiff's own motion for summary judgment suggests that the matter is ripe for summary judgment, apparently without a need for further discovery.  But more importantly, plaintiff's Rule 56(d) request is substantively deficient.  It is not accompanied by any supporting affidavit or declaration addressing the elements required by the rule, leaving the court to guess as to what discovery plaintiff requests or how it would preclude summary judgment.  Moreover, the June 3, 2013 deadline for completing discovery has long since passed, *see* ECF No. 19, and plaintiff fails to

1    demonstrate that good cause warrants modification of that deadline.  *See Johnson v. Mammoth*

2    *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  For these reasons, plaintiff's "Rule 56(f)"

3    motion is denied.

4             **D.  Defendant's Motion[5]**

5             As defendant's motion for summary judgment illustrates, plaintiff's account of the

6    September 24, 2011 fall has morphed over time.  His First Amended Complaint asserts that nurse

7    Rubalcava, who checked plaintiff's glucose levels in the early morning hours prior to the fall,

8    advised plaintiff that his glucose level was low.  He alleges that despite his pleas he was forced to

9    go back up the stairs and fell.  Significantly, in his first amended complaint filed on December 6,

10   2012 and his May 8, 2013 motion for summary judgment, both of which were signed under

11   penalty of perjury, plaintiff claimed that he fell while going *up* the stairs after being dismissed by

12   defendant Rubalcava.  However, in a grievance dated October 8, 2011, plaintiff reported a

13   materially different sequence of events:

14             On the morning of Sept. 24, before breakfast I was called to have my blood sugar
         taken. . . .  First of all my blood sugar was low very low then I was sent back up
15       stairs to my cell then a short while later I was called out again as I got near the
         bottom of the stairs not knowing quite what happen [sic] I took a fall.
16

17   ECF No. 24-4 ("Wilms Decl."), Ex. A at 69.  Two days later, on October 10, 2011, plaintiff

18   confirmed in a sick call slip that he had fallen while "[w]alking *down* the stairs to see a nurse."

19   *Id.*, Ex. A at 107-108 (emphasis added).  Defendant's motion for summary judgment also

20   undermines plaintiff's claim of "low blood sugar" prior to the alleged fall.  According to

21   plaintiff's medical records, his blood glucose level at 0500 hours on September 24, 2011, was

22   "105," a level well within normal limits.  Wilms Decl. ¶ 2, Ex. A at 179; ECF No. 24-3 ("Levin

23   Decl.") ¶¶ 11, 14.

24   /////

25   _____

26       [5] Defendant's motion for summary judgment included a notice to plaintiff informing him
     of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil
27   Procedure.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952,
     957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849
28   F.2d 409 (9th Cir. 1988).

1    In his opposition, plaintiff admits that contrary to the sworn allegations in his first

2 amended complaint, his blood sugar level on the morning of his fall was within normal limits and

3 that he was not hypoglycemic.  ECF No. 30 ¶¶ 3-4.  Plaintiff also abandons his claim that it was

4 defendant who administered the glucose test, and who "sent" him back upstairs to his cell despite

5 his reported chest pains.  *Id.* ¶¶ 8-9, 12.  In addition, plaintiff now admits that he fell while going

6 down the stairs while on his way to be seen by defendant.  *Id.* ¶ 12.  Plaintiff has thus abandoned

7 the gravamen of the verified allegations in his first amended complaint.

8    Plaintiff seeks to salvage a claim against defendant by claiming that "she intentionally

9 denied plaintiff medical care [by] refusing an EKG[,] . . . an x-ray . . ., and [for] failing to provide

10 safe housing downstairs after plaintiff fell downstairs."[6]  *Id.* ¶ 16.  Plaintiff may not, however,

11 add new claims against defendant by way of his opposition to defendant's motion for summary

12 judgment.  Further, even if these claims had been included in his amended complaint, plaintiff has

13 not produced sufficient evidence to create a genuine issue for trial on such claims.  First, there is

14 no evidence that defendant, a nurse, had the authority to decide plaintiff's medical and housing

15 requests.  Second, plaintiff fails to submit any evidence demonstrating that defendant chose a

16 course of treatment that "was medically unacceptable under the circumstances" or that defendant

17 chose the "course in conscious disregard of an excessive risk to plaintiff's health."  *See Jackson v.*

18 *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Farmer*, 511 U.S. at 835 (deliberate indifference

19 requires subjective recklessness); *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir.

20 2002) (to know of the excessive risk, defendant must actually draw the inference that a substantial

21 risk of serious harm exists).  Plaintiff's new claims against defendant rest solely on his apparent

22 disagreement with her treatment decisions, which amounts to nothing more than a difference of

23 opinion regarding proper medical care.  Such differences in opinion do not amount to deliberate

24 indifference.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir 1989); *Franklin v. Oregon*, 662

25 F.2d 1337, 1344 (9th Cir. 1981).

26 /////

27 ───────────────

28    [6] Plaintiff admits, however, that his shoulder was x-rayed within three months of the fall.
*Id.* ¶ 17.

9

1    The evidence, including plaintiff's own statements, shows that plaintiff fell *before* being

2    seen by defendant.  Based on the above, there is no basis for a claim of deliberate indifference

3    against defendant.  When the evidence is viewed in the light most favorable to plaintiff, and

4    reasonable inferences are drawn in his favor, a jury could not reasonably return a verdict for him

5    and against defendant.  Defendant is therefore entitled to summary judgment.

6    **III.    Plaintiff's Motion to Amend**

7    In his opposition to defendant's summary judgment motion, plaintiff requested "leave to

8    add new defendants [in a] second amended complaint."  ECF No. 30 ¶ 6.  In a separate filing, he

9    submitted a proposed second amended complaint.  ECF No. 29.  Plaintiff's proposed amendments

10   include: (1) naming nurse Jane Doe as the defendant who tested plaintiff's blood sugar and made

11   him walk upstairs; (2) alleging that he later fell while going down the stairs on his way to be seen

12   by defendant Rubalcava; (3) that defendant Rubalcava denied plaintiff's requests for an EKG and

13   an x-ray and ordered plaintiff to return to his cell; (4) that defendants Sheriff Smith, Jail

14   Commander Miranda, Lieutenant Flicker, and Medical Program Manager Wilms are each

15   "responsible" for "supervising" the policies and procedures affecting the medical care of inmates;

16   (5) that defendants Miranda and Flicker "refused to act" regarding plaintiff's grievance and

17   allowed three months to pass before plaintiff received an x-ray; and (6) that defendant Wilms

18   "refused to act" despite her knowledge of plaintiff's fall and his medical history.  *See id.*

19   Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

20   within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

21   required, 21 days after service of a responsive pleading or 21 days after service of a motion under

22   Rule 12(b), (e), or (f), whichever is earlier."  Here, defendant answered the complaint on March

23   11, 2013.  ECF No. 17.  Plaintiff moved to amend his complaint more than 21 days thereafter.

24   *See* ECF Nos. 29, 30.

25   Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its

26   pleading only with the opposing party's written consent or the court's leave.  The court should

27   freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely

28   granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v.*

1    *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend

2    under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3)

3    futility of amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178,

4    182 (1962).  Granting or denying leave to amend rests in the sound discretion of the trial court,

5    and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343

6    (9th Cir. 1996).

7           Plaintiff's proposed amendment for his claim against defendant Rubalcava mirrors the

8    complaint he lodged against her in his October 8, 2011 inmate grievance.  *See* Wilms Decl., Ex.

9    A at 69 (claiming that he was seen by Rubalcava *after* falling down the stairs, that he was "not

10   treated," and that he still needs an x-ray for his shoulder).  Plaintiff has been on notice of this

11   purportedly "new" claim since his alleged fall on September 24, 2011.  For reasons unknown, he

12   chose not to raise it in the two complaints filed in this action, and instead, to assert a claim against

13   defendant predicated on plaintiff's materially revised allegations of an interaction which, based

14   on his previous allegations, never took place.  *See* ECF Nos. 1, 10, 30.  Now, after dispositive

15   motions by both plaintiff and defendant have been fully briefed, and the claims asserted in this

16   action essentially abandoned, plaintiff wishes to amend his complaint to tell his original version

17   of his interaction with defendant Rubalcava.  The court views this requested amendment as an

18   improper attempt to avoid summary judgment.  *See Schlacter-Jones v. General Telephone of*

19   *Calif.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds by Cramer v. Consolidated*

20   *Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc) (motion to amend is not a

21   vehicle to circumvent summary judgment).  Plaintiff's shifting account of his interaction with

22   defendant shows undue delay at best and bad faith at worst, both of which weigh against granting

23   leave to amend.  *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483,

24   1492 ("a motion for summary judgment was pending and possible disposition of the case would

25   be unduly delayed by granting the motion for leave to amend"); *Henderson v. City & County of*

26   *San Francisco*, 2006 U.S. Dist. LEXIS 87262, at *49 (N.D. Cal. Dec. 1, 2006) ("plaintiffs'

27   inexplicable delay in seeking leave to amend until over six weeks after defendants filed their

28   motion for summary judgment suggests that plaintiffs waited to amend until they had the

11

1    opportunity to assess the merits of defendants' summary judgment motion [and] delayed in order

2    to avoid imposition of summary judgment").

3          Plaintiff's other proposed amendments -- to add claims against Jane Doe, Smith, Miranda,

4    Flicker, and Wilms -- are futile, as plaintiff fails to articulate any colorable claims for relief.

5          First, plaintiff cannot assert a claim against defendant "Jane Doe" because unknown

6    persons cannot be served with process until they are identified by their real names.  The court will

7    not investigate for plaintiff the names and identities of unnamed defendants.

8          Second, plaintiff improperly attempts to impose liability on defendants Smith, Miranda,

9    Flicker and Wilms, solely based on their alleged supervisory roles.  In dismissing plaintiff's

10   original complaint with leave to amend, the court informed plaintiff that he could not sue any

11   official on the theory that the official is liable for the unconstitutional conduct of his or her

12   subordinates, and that he must instead, demonstrate that each named defendant was "personally

13   involved" in the violation of his federal rights.  ECF No. 7 at 3-4.

14         Third, plaintiff may not impose liability on defendants Miranda and Flicker simply

15   because they played a role in processing plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997

16   F.2d 494, 495 (8th Cir. 1993).  There are no constitutional requirements regarding how a

17   grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding

18   that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate

19   due process because prisoners lack a separate constitutional entitlement to a specific prison

20   grievance system).

21         Fourth, plaintiff's attempt to hold defendants Miranda, Flicker and Wilms liable under the

22   Eighth Amendment for their purported "refusals to act" is not sufficient.  In dismissing plaintiff's

23   original complaint with leave to amend, the court informed plaintiff of the standards for stating a

24   claim under the Eighth Amendment.  ECF No. 7 at 4.  Plaintiff attributes his three month wait in

25   receiving an x-ray to defendants Miranda and Flicker but fails to plead specific facts showing that

26   either of the defendants' alleged failure to act was intentional, let alone deliberately indifferent to

27   a known serious risk to plaintiff.  Moreover, plaintiff does not allege that the delay harmed him.

28   /////

1   *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (delay must have led to further harm

2   in order to make a claim of deliberate indifference).  Plaintiff's claim that defendant Wilms

3   "refused to act . . . by not ordering an emergency x-ray and EKG" are also insufficient, as the

4   facts alleged do not show that she harbored a sufficiently culpable state of mind, or that her

5   alleged omissions caused plaintiff any injury.

6          In light of these circumstances, and having considered the relevant factors, plaintiff's

7   motion to amend is denied.

8      **IV.    Order**

9          Accordingly, IT IS HEREBY ORDERED that:

10     1.   Plaintiff's motion for summary judgment (ECF No. 26), Rule 56(d) motion (ECF No.

11          32), and motion to amend (ECF Nos. 29, 30), are denied.

12     2.   Defendant's motion for summary judgment (ECF No. 24) is granted.

13     3.   The Clerk of the Court shall enter judgment in defendant's favor and close the case.

14  DATED: February 26, 2014.

16                              EDMUND F. BRENNAN
17                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                    13